UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NERI TAWFIQ,

        *Plaintiff,*

v.

UNITED STATES VETERAN AFFAIRS,

        *Defendant.*

_____/

Case No. 1:22-cv-10928
District Judge Paul D. Borman
Magistrate Judge Patricia T. Morris

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

For the following reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2).

### II.  REPORT

#### A.  BACKGROUND

Neri Tawfiq is a veteran and a patient at the Saginaw VA where he formerly worked as a pharmacist. (ECF No. 11, PageID.75–76). On March 23, 2021, Tawfiq's supervisor terminated him for a series of "conduct issue[s]," including an inappropriate email Tawfiq had sent to her. (*Id.* at PageID.75, 86). After Tawfiq learned of his termination, he went to speak with his former supervisor at the VA pharmacy to ask why he had been terminated. (*Id.* at PageID.85–86). Although Tawfiq asked his former supervisor that she provide "a list of things he did [which] led to [his] termination," his supervisor

1

provided him with few details, explaining that he was terminated for a "conduct issue," and could appeal her decision. (*Id.*)

Following this conversation, Tawfiq left the pharmacy for a few minutes before he returned, "stating that he [still] wanted to talk." (*Id.*) According to a pharmacy employee, Tawfiq had become "loud" and "aggressive," and, seeking to diffuse the situation, this employee called for an officer. (*Id.* at PageID.85). Tawfiq then left the area, but was later seen speaking with police elsewhere in the facility. (*Id.*) Neither Tawfiq's complaint, nor his attached exhibits, discuss his interaction with these officers.

Later that day, Tawfiq reported to physicians at an urgent care clinic that he was "extremely angry" and suicidal. (*Id.* at PageID.75). Subsequently, Tawfiq was admitted to the psychiatric inpatient unit at the Ann Arbor VA. (*Id.*)

Sometime after he was discharged from the psychiatric unit, an employee of the VA called the Saginaw Police and requested that they check on Tawfiq. (*Id.* at PageID.94). The caller told the dispatcher that Tawfiq had a history of "suicidal ideations" and that Tawfiq was known to carry a pistol, knife, and body armor. (*Id.*) The caller also mentioned that Tawfiq had previously been terminated from his position from the VA and had since made "vague threats" against the director of the VA. (*Id.* at PageID.94–95).

Two officers arrived at Tawfiq's last known address to check on his well-being. (*Id.* at PageID.94). The officers knocked and Tawfiq answered the door, opening it just wide enough for the officers to see his face and left arm. (*Id.*) One of the officers asked

Tawfiq for his name "multiple times," but each time, Tawfiq refused to identify himself until he eventually gave a fake alias. (*Id.*) Tawfiq then attempted to shut the door on the officers, but one of the officers, who was already "in the threshold of the door," caught the door and pushed it back open. (*Id.*) Tawfiq then grabbed the officer by his arm and the officer pushed Tawfiq back with his other arm. (*Id.*) Tawfiq then "balled his left fist up" and pulled his arm back, as though he were preparing to strike the officer. (*Id.*) But before Tawfiq could land a hit, the officer pulled his taser and instructed Tawfiq to step back. (*Id.*) The officers then handcuffed Tawfiq and transported him to the Saginaw County Jail. (*Id.*)

Tawfiq later filed a complaint naming Dennis McDonough, the Secretary of the VA, alleging that VA employees endangered his life by asking police officers to check on his well-being. (ECF No. 1, PageID.1, 6). The undersigned recommended that the Court dismiss Tawfiq's action because, while Tawfiq could only bring his action pursuant to the FTCA, he failed to properly name the United States as the defendant. (ECF No. 8). Tawfiq then amended his complaint to name the United States Department of Veterans Affairs, and the Court denied the undersigned's recommendation as moot. (ECF No. 11, PageID.61; ECF No. 13).

### B. LEGAL STANDARD

Plaintiff proceeds IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B) (2018). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016). This power

3

ensures that indigent individuals have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

However, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure which permits the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any action which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The Supreme Court has established that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1]

---

[1] The Court also held that the frivolousness analysis differed from the "failure to state a claim" analysis—a complaint might not be frivolous because it raises an arguable

4

A complaint is also frivolous and can be dismissed if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."); *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 941 (5th Cir. 1999) (citing caselaw for the proposition that a complaint is frivolous and can be dismissed on screening if the subject matter is outside the court's jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

C.  **ANALYSIS**

Tawfiq alleges that VA employees violated his "civil rights," and "endanger[ed]" his life by providing "false information to" police which led to a "wrongful arrest." (ECF No. 11, PageID.66). Rather than sue the VA officials involved in this incident, Tawfiq brought his suit against the United States Department of Veterans Affairs. (*Id.* at PageID.61).

Liberally construing his complaint, Tawfiq appears to bring a common law false arrest claim against McDonough. (*See id.* at PageID.4–6); *Carter v. Shearer*, No. 21-

---

question of law but still fail to state a claim. *Id.* When *Neitzke* was decided, the statute allowed screening of frivolous or malicious claims, but had not yet been amended to permit screening for failure to state a claim. 28 U.S.C. § 1915(d). That amendment came in 1996. *See* Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, § 804, 110 Stat. 1321 (April 26, 1996).

5

10856, 2022 WL 989332, at *11–12 (E.D. Mich. Mar. 31, 2022) (citing *Lewis v. Farmer Jack Div., Inc.*, 415 Mich. 212, 218–19 (1982)) (explaining that under Michigan law, private individuals can be held liable where they instigate a false arrest); *Sanchez v. McLain*, 867 F. Supp. 2d 813, 816 (S.D. W. Va. Sept. 23, 2011) (explaining that the FTCA allows individuals to bring common law tort claims). However, I suggest that the Court lacks subject matter jurisdiction over Plaintiff's complaint.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the Court requires some statutory basis to adjudicate Tawfiq's claims against the VA. *Id.*

The FTCA allows individuals to sue the federal government for torts committed by federal employees "acting within the scope of [their] office or employment . . . ." 28 US.C. §§ 1346(b)(1), 2672 (2018). However, the FTCA, standing alone, does not provide a cause of action. *Pornomo v. United States*, 814 F.3d 681, 687 (4th Cir. 2016). Instead, the Act serves two functions. First, it waives the United States' absolute immunity from suit. *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010). Although the Federal Government is generally immune from lawsuits for monetary damages, the FTCA waives this immunity (subject to various exceptions) where federal employees commit torts while acting within the scope of their employment. *Id.*; *Evans v. United States*, 876 F.3d 375, 380 (1st Cir. 2017); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983). Second, the FTCA grants the district courts "exclusive jurisdiction" over tort actions concerning the

6

conduct of federal employees when they act in the scope of their employment. 28 U.S.C. § 1346(b)(1). Thus, the FTCA simply provides a vehicle through which individuals can bring state tort actions against the United States.

The FTCA also provides the "exclusive" remedy for state torts committed by federal officials acting within the scope of their employment. 28 U.S.C. § 2697(b)(1) (2018). In other words, individuals who are injured by a federal employee, while that employee was acting within the scope of his or her employment, may only bring a tort action against the United States pursuant to the FTCA—they may not instead sue a federal official or a federal agency. *Simmons v. Himmelreich*, 578 U.S. 621, 628 (2016). Thus, an individual like Tawfiq, who wishes to bring a state tort action based on the conduct of a federal employee, has only two avenues for relief in federal court. First, if the official acted within his or her scope of employment, then the plaintiff must bring an FTCA action against the United States. *Levin v. United States*, 568 U.S. 503, 507, 510 (2013). Alternatively, if the official did not act within the scope of his or her employment, then the plaintiff may sue the official directly, provided that the plaintiff can assert some other basis for federal jurisdiction. 28 U.S.C. § 2679(b)(1); *see Moreland v. Barrette*, No. CR 05- 480 TUC DCB, 2007 WL 2480235, at *3 (D. Ariz. Aug. 28, 2007); *Matthews v. United States*, 805 F. Supp. 712, 715 (E.D. Wis. Oct. 8, 1992) ("[W]hen an action is brought against a federal employee pursuant to some other grant of jurisdiction—say, diversity jurisdiction—it may be converted into an FTCA case upon the Attorney General's certification.").

Here, Tawfiq's complaint does not fall under the scope of the FTCA. In an FTCA action, the United States is the only proper defendant. 28 U.S.C. §§ 1346(b)(1), 2679(a). Actions against federal agencies or Government employees, even in their official capacities, are not cognizable under the FTCA. *Briscoe v. United States*, 268 F. Supp. 3d 1, 9 (D.D.C. July 25, 2017). *Compare FDIC v. Meyer*, 510 U.S. 471, 476 (1994) (recognizing that the proper defendant in an FTCA action is the United States, not a federal agency), *with Loeffler v. Frank*, 486 U.S. 549, 562 n.8 (1988) (recognizing that an official capacity suit against a federal official is a suit against the official's agency, rather than the United States). However, rather than sue the United States, Tawfiq brought his claim against the United States Department of Veterans Affairs; therefore, he cannot bring this action via the FTCA. *See Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 435–36 (6th Cir. 2006); *cf. Hansley v. Dep't of Navy*, No. 7:19-CV-133-FL, 2021 WL 2546716, at *2 (E.D.N.C. June 21, 2021); *Parafina v. USPS*, No. 10-14894, 2012 WL 3030165, at *4 (E.D. Mich. July 24, 2012) (holding that the Court lacked jurisdiction under the FTCA over a tort action where the Plaintiff named the United States Postal Service, rather than the United States, as the defendant).

There appears to be no other basis for subject matter jurisdiction. This Court cannot assert jurisdiction under 28 U.S.C. § 1331 (2018) because Tawfiq's complaint does not raise a federal question—he alleges only violations of state law. *See Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). Tawfiq also cannot assert jurisdiction under 28 U.S.C. § 1332 (2018) because "diversity jurisdiction never lies in an action against the Federal

8

Government . . . ." *Molton, Allen, & Williams, Inc. v. Harris*, 436 F. Supp. 853, 855 (D.D.C. 1977) (first citing *Texas v. I.C.C.*, 258 U.S. 158, 160 (1922); and then citing *Hancock Fin. Corp. v. F.S.L.I.C.*, 492 F.2d 1325, 1329 (9th Cir. 1974)).

Moreover, even if the Court were to construe Tawfiq's suit as a suit against the United States and allow him to proceed under the FTCA, this Court would still lack jurisdiction. The FTCA's waiver of sovereign immunity is not without limits, and here, one notable exception to the FTCA's waiver of sovereign immunity prevents this Court from exercising jurisdiction over Tawfiq's complaint. *See Meyer*, 510 U.S. at 475 (explaining that sovereign immunity is a "jurisdictional" issue). The FTCA does not waive sovereign immunity for false arrest claims except where they are committed by "investigative" officers. 28 U.S.C. § 2680(h); *see also Metz v. United States*, 788 F.2d 1528, 1531–32 (11th Cir. 1986) ("We conclude that the provision permitting governmental liability on the basis of actions of law enforcement officers cannot be expanded to include governmental actors who procure law enforcement actions, but who are themselves not law enforcement officers."). Because Tawfiq brings only a false arrest claim, and because he does not allege that any investigative officers committed a false arrest, the Court does not have jurisdiction over this claim under the FTCA.[2]

---

[2] Because it lacks subject matter jurisdiction, the Court should not reach the merits of Tawfiq's tort claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")

### III. CONCLUSION

For these reasons, I recommend that the Court **DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE**.[3]

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

---

[3] Dismissals for lack of subject matter jurisdiction should be without prejudice because the court "lacks the power to reach the merits of the case." *Revere v. Wilimington Fin.*, 406 F. App's 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 29, 2022                                S/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge