UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NERI TAWFIQ,

        Plaintiff,

v.

UNITED STATES VETERAN
AFFAIRS (VA),

        Defendant.
_____/

Case No. 22-cv-10928

Paul D. Borman
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## OPINION AND ORDER:
### (1) ADOPTING MAGISTRATE JUDGE PATRICIA T. MORRIS'S AUGUST 29, 2022 REPORT AND RECOMMENDATION (ECF NO. 14); (2) OVERRULING PLAINTIFF NERI TAWFIQ'S OBJECTION (ECF NO. 15); AND (3) DISMISSING CASE WITHOUT PREJUDICE

On August 29, 2022, Magistrate Judge Patricia T. Morris issued a Report and Recommendation to dismiss Plaintiff Neri Tawfiq's Complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 14, Report and Recommendation ("R&R").) On September 12, 2022, Plaintiff Neri Tawfiq filed a document titled "Objection No. 1 to Defendant's Moti[o]n for Summary Judgment." (ECF No. 14, Pl.'s Obj.)

The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the Report and Recommendation to which specific and timely objections have been filed, OVERRULES Plaintiff's Objection

and *sua sponte* DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The procedural history and background facts related to Plaintiff's Complaint are set forth in the Magistrate Judge's Report and Recommendation, and will not be repeated here in full. (See ECF No. 14, R&R, PageID.100-02.)

As an overview, Plaintiff Neri Tawfiq is a current patient of the United States Department of Veterans Affairs (VA), and he was also employed as a staff pharmacist at the Saginaw VA Medical Center from November 22, 2020 until his termination on March 23, 2021, for "conduct issue[s]." After his termination, Tawfiq had an alleged "outburst" in the VA pharmacy department and VA officials subsequently implemented a "patient flag" on Tawfiq's medical chart which required Tawfiq to check in with VA police whenever he arrived at a VA facility for a medical appointment.

On June 16, 2021, in response to a call from an employee at the VA, two Saginaw police officers arrived at Tawfiq's apartment to check on his well-being, which resulted in an altercation and Tawfiq being handcuffed and transported to the Saginaw County Jail.

On May 2, 2022, Tawfiq filed a Complaint naming Dennis McDonough, the Secretary of the VA, and alleging that VA employees endangered his life by asking

police officers to check on his well-being. (ECF No. 1, Compl.)[1] Tawfiq also filed an application to proceed *in forma pauperis*. (ECF No. 3.)

This case was referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings. (ECF No. 6.) On June 21, 2022, the Magistrate Judge recommended that the Court dismiss Tawfiq's Complaint because, while Tawfiq could only bring his action, as stated, pursuant to the Federal Tort Claims Act (FTCA), he failed to properly name the United States as a defendant. (ECF No. 8, R&R.)

Tawfiq then amended his complaint to name the United States Department of Veterans Affairs, again alleging that VA employees violated his "civil rights" and "endanger[ed]" his life by providing "false information" to police which led to a "wrongful arrest." (ECF No. 11, Am. Compl., PageID.66), and this Court denied the Magistrate Judge's R&R at ECF No. 8 as moot. (ECF No. 13.)

On August 29, 2022, Magistrate Judge Morris issued a second Report and Recommendation (R&R), "[l]iberally construing [Tawfiq's] complaint" as bringing a common law false arrest claim. (ECF No. 14, R&R.) The Magistrate Judge concluded that this Court lacks subject matter jurisdiction over Tawfiq's amended

---

[1] Tawfiq has filed seven additional lawsuits against other VA employees allegedly involved in his termination and the placement of the behavioral flag on his patient record. *See Tawfiq v. Dufresne*, Case No. 21-cv-10976 (dismissed on December 21, 2021); *Tawfiq v. Johnson*, Case No. 22-cv-10163 (dismissed on January 28, 2022); *Tawfiq v. Dufresne*, Case No. 22-cv-10164; *Tawfiq v. Hines*, Case No. 22-cv-10175; *Tawfiq v. Cauley*, 22-cv-10176; *Tawfiq v. Hines*, Case No. 22-cv-10328; and *Tawfiq v. Cauley*, Case No. 22-cv-10245.

Case 1:22-cv-10928-PDB-PTM   ECF No. 16, PageID.116   Filed 12/27/22   Page 4 of 8

complaint because Tawfiq can only bring this tort claim pursuant to the FTCA against the United States, and may not instead sue a federal official or a federal agency, and Tawfiq here brought his claims against the United States Department of Veterans Affairs rather than the United States. (*Id.* PageID.106-07 (collecting cases holding that actions against federal agencies or government employees are not cognizable under the FTCA).) The Magistrate Judge concluded that the Court would still lack jurisdiction over the false arrest claim, even if the Court were to construe Tawfiq's suit as a suit against the United States, and that there was no other basis for subject matter jurisdiction. (*Id.* PageID.107-08.) The Magistrate Judge therefore recommended that the Court dismiss Plaintiff's Amended Complaint, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2).

On September 12, 2022, Plaintiff filed a document titled "Objection No. 1 to Defendant's Moti[o]n for Summary Judgment." (ECF No. 15, Pl.'s Obj.) Plaintiff's "Objection" states:

> Plaintiff recommendation, please give me the proper respect and treatment me as a human being. I have submitted the same government documents over and over again, and some how the Judge is not receiving all the Federal documents. I can take full responsibility for the Burden of Proof, if I am allowed to appear in front of the Judge, that is no problem for me. I can prove that defendant did not act accordingly within the scope of employment, also the defendant performed in perjury on Federal documents, and submitted fraudulent information to Department of United States Veteran Affairs as well as the Federal Court, and State Court.

4

> I mean no disrespect for the words that follow this sentence. If my nationality was of caucasian decent [sic], I would have been allowed to appear in-front of a Judge years ago.

(ECF No. 12, PageID.112-13.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant

a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

Plaintiff's Objection fails to state any specific objections to the Magistrate Judge's Report and Recommendation or demonstrate how the Magistrate Judge's recommendation was erroneous. In fact, Plaintiff filed this identical "objection" in four of his other cases, involving different defendants and different claims. The Magistrate Judge's R&R expressly discussed the standards regarding Objections pursuant to Fed. R. Civ. P. 72(b)(2) and E.D. Mich. Local Rule 72.1(d), and required that "[a]ny objections must be labeled as 'Objection No. 1,' and 'Objection No. 2,' etc." and "must recite precisely the provision of this R&R to which it pertains." (ECF No. 14, R&R, PageID.109-10.) Plaintiff's Objection fails to follow these requirements but instead is in the form of a generalized disagreement with the Magistrate Judge's recommendation. This Objection fails to include any developed argument or cite to any legal authority holding contrary to the conclusions reached by the Magistrate Judge, and fails to identify any specific issues the Magistrate Judge allegedly determined in error in the R&R.

6

It is well settled in the Sixth Circuit that "merely express[ing] a general disagreement with the magistrate judge's legal analysis," is not sufficient to preserve objections to a magistrate judge's recommendation. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object, and an objection that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Id.* (citing *Howard*, 932 F.2d at 509) (quotations omitted). "[F]ailure to file specific objections to a magistrate [judge's] report constitutes a waiver of those objections, and the Court is not required to conduct a de novo review of the issues addressed by the magistrate judge." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

By failing to identify any discrete issue or present any developed factual or legal basis in support of his general "objection," Tawfiq has waived any objection to the substantive analysis of the Magistrate Judge's Report and Recommendation. Tawfiq has not advanced a sufficient ground for determination that the Magistrate Judge erred in her findings of fact or law. Therefore, Tawfiq has waived any further challenge to the Magistrate Judge's substantive analysis which, so far as the record

shows and the case law on point hold, was well reasoned and correct as a matter of fact and law.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Plaintiff's Objection (ECF No. 15);

**(2) ADOPTS** Magistrate Judge Morris's August 29, 2022 Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 14); and

**(3) DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE**

IT IS SO ORDERED.

Dated: December 27, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge