UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NERI TAWFIQ,

        Plaintiff,

v.

UNITED STATES VETERAN
AFFAIRS (VA),

        Defendant.
_____/

Case No. 22-cv-10928

Paul D. Borman
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## ORDER ENJOINING PLAINTIFF NERI TAWFIQ FROM FILING ANY NEW ACTION WITHOUT LEAVE OF COURT

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *see also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers*, 141 F.3d at 269. In certain circumstances an order may be entered that restrains not only an individual litigant from repetitive complaints, but "that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Id.* A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions

need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. *See In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. *See e.g., Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

This Court's review of the docket indicates that, in addition to the present case (which was dismissed on December 27, 2022), Plaintiff has filed the following seven actions to date against various defendants allegedly involved in Plaintiff's termination and the placement of a behavioral flag on his patient account at Veterans Affairs (VA) facilities:

(1) *Neri Tawfiq v. Teresa Dufresne*, Case No. 21-cv-10976 (dismissed on December 21, 2021);

(2) *Neri Tawfiq v. Jeffrey Johnson*, Case No. 22-cv-10163 (dismissed on January 28, 2022);

(3) *Neri Tawfiq v. Teresa Dufresne*, Case No. 22-cv-10164 (dismissed on December 22, 2022);

(4) *Neri Tawfiq v. James Hines*, Case No. 22-cv-10175(dismissed on December 27, 2022);

(5) *Neri Tawfiq v. Christopher Cauley*, Case No. 22-cv-10176 (dismissed on December 22, 2022);

(6) *Neri Tawfiq v. Christopher Cauley*, Case No. 22-cv-10245 (dismissed on December 22, 2022); and

(7) *Neri Tawfiq v. James Hines*, Case No. 22-cv-10328 (dismissed on December 22, 2022).

In light of Plaintiff having now filed eight separate actions – seven lawsuits separately against four individual defendants and one against the VA – all which have been dismissed by the Court, and to deter future frivolous filings and avoid needless litigation burden on defendants, the Court finds that it is appropriate to **ENJOIN** Plaintiff from filing any new action related to his termination from the Saginaw VA Medical Center and the placement of a behavioral flag on his patient account at Veterans Affairs (VA) facilities, without first obtaining permission from the judge assigned to any new proposed complaint sought to be filed, whether the document is entitled "Complaint" or a letter or any other document.

The Court **FURTHER ORDERS** that the Clerk of the Court shall retain copy of this Order and attach it to the file of any subsequent action by Neri Tawfiq.

IT IS SO ORDERED.

Dated: December 27, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge

3